# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| NAVID GHANDILI;<br>　Apart 5, Number 36, 3rd Bahar Alley,<br>　Bakhshayesh St. West Sarv St. Saadat<br>　Abad Tehran, Tehran, Iran<br>　1998886416<br><br>　　　　　　Plaintiff(s)<br><br>　　　v.<br><br>ANTONY J. BLINKEN, in his official capacity, Secretary, U.S. Department of State;<br>RENA BITTER, in her official capacity, Assistant Secretary, Bureau of Consular Affairs;<br>RAFIQ MANSOUR, in his official capacity, Chargé d' Affaires, United States Embassy, Yerevan, Armenia;<br>JOHN DOE, in his official capacity, Consular Officer, U.S. Embassy, Yerevan, Armenia,<br>　U.S. Department of State<br>　2201 C St. NW<br>　Washington, DC 20520<br><br>　　　　　　Defendant(s). | Civil Action No 1:24-cv-330 |

## **PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, Indiana 46268, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

**INTRODUCTION**

COMES NOW NAVID GHANDILI (hereinafter "Plaintiff GHANDILI" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff is an Iranian national who has been accepted to the Woodbury University, to begin a Master of Science in Architecture. This action is brought as a result of Defendants' failure to adjudicate Plaintiff's F-1, Non-immigrant Visa Application (hereinafter "Application") within a reasonable period of time [**Case# AA00BTU87B E1**].

2. Plaintiff properly and completely submitted his Form DS-160 on March 25, 2023, and thereafter attended his visa interview with the U.S. Embassy in Yerevan, Armenia, on April 10, 2023. On April 11, 2023, the following day after the interview, Plaintiff received an email requesting additional information in order to complete the administrative processing of his case. Plaintiff submitted the requested information to the Embassy via email almost immediately.

3. Despite properly submitting the Application, appearing for an interview, and submitting additional information, Plaintiff GHANDILI's non-immigrant visa application has remained in administrative processing for over nine months (299 days) since the date of his interview without completion of processing or any explanation beyond a generic statement that the case is in "administrative processing." It is worth noting that the aforementioned visa type is often adjudicated in a matter of days for the vast majority of F-1 visa applicants. Plaintiff GHANDILI has, as a direct result of this delay, been forced to defer his start date for his master's program.

4. Plaintiff faces a significant setback in his career and educational advancement as a direct consequence of Defendants' failure to adjudicate his Application within a reasonable period of time, and Plaintiff GHANDILI has been forced to defer the start date of his Master's program for later this academic year, 2024, and without judicial intervention he may need to further defer his

start date if Defendants do not take the necessary and required steps in completing the adjudication of his Application. Plaintiff GHANDILI is now also at risk of losing his scholarship, and in the event his offered scholarship is rescinded, Plaintiff GHANDILI will not be able to attend Woodbury or pursue higher education in this prestigious program. Without judicial intervention, Plaintiff GHANDILI risks losing his position permanently in this highly prestigious and sought-after master's program. Plaintiff's inability to participate in the program will result in his suffering a significant setback in his education, career, and future in the United States.

5. Plaintiff has a clear right to adjudication of his Application within a timely manner. 22 CFR § 41.121(a) and 22 CFR § 41.106. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

7. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

**PARTIES**

8. Plaintiff GHANDILI is a national and resident of, Tehran, Iran. He is also the applicant of a properly filed F-1 nonimmigrant visa.

9. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies and Consulates around the world. This action is filed against him in his official capacity.

10. Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs. As Assistant Secretary, she is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against her in his official capacity.

11. Defendant RAFIK MANSOUR is the Chargé d' Affaires of the United States Embassy in Yerevan, Armenia. He is the principal officer in charge of the Embassy. This action is filed against him in his official capacity.

12. Defendant John DOE is a Consular Officer at the United States Embassy in Yerevan, Armenia. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

14. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

15. The Plaintiff has repeatedly requested Defendants to make a final decision on his Application for over the past 42 weeks. Furthermore, Plaintiff has initiated numerous inquiries with the U.S. Embassy in Yerevan, Armenia. Plaintiff's numerous inquiries have not resulted in any meaningful responses from Defendants.

16. Plaintiff has exhausted his administrative remedies. Plaintiff has supplied the U.S. Embassy in Yerevan, Armenia, with documents that establish Plaintiff's eligibility to receive a nonimmigrant visa to travel to the U.S. under F-1 status to begin his Master's in Architecture program.

17. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

18. Plaintiff GHANDILI is the applicant of an F-1 nonimmigrant visa application. He properly filed his Form DS-160, Nonimmigrant Visa Application on March 25, 2023, (case# AA00BTU87B). **[EXHIBIT A]**.

19. In connection with his Application, Plaintiff appeared for an interview at the U.S. Embassy in Yerevan, Armenia, on April 10, 2023. **[EXHIBIT B]**.

20. After conducting the interview, the Interviewing Officer, John Doe, informed Plaintiff that his case was being placed under administrative processing. Following the interview, Plaintiff GHANDILI received an email on April 11, 2023, requesting additional information in order to

complete the administrative processing of his case. Plaintiff GHANDILI submitted the additional information to the Embassy on April 20, 2023.

21. Thereafter, on April 26, 2023, the Embassy requested Plaintiff's Curriculum Vitae, detailing his work experience. Plaintiff submitted the requested information on April 27, 2023. Additionally, Plaintiff also submitted a letter of support and a detailed resume from his Faculty's Advisor on June 2, 2023.

22. On November 16, 2023, after deferring his start date, Plaintiff GHANDILI also submitted his new I-20 to the Embassy.

23. Since completing his interview and submitting additional documents, Defendants have not made any further requests for evidence, nor have they adjudicated Plaintiff GHANDILI's Application.

24. Plaintiff's inquiries have not resulted in any meaningful response and his Application is likely to undergo administrative processing for an unknown period of time without judicial intervention.

25. Plaintiff's Application now continues to be in an administrative processing status with the U.S. Embassy in Yerevan for over 42 weeks.

26. The Department of State and the U.S. Embassy in Yerevan, Armenia, refuse to allege an average processing time for nonimmigrant visa Applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 42 weeks of processing time, especially when an interview has already been conducted and no requests for information are outstanding.

27. As a result of Defendants delay, Plaintiff has been prevented from commencing with his Master's in Architecture program as a direct consequence of Defendants' failure to adjudicate his

Application within a reasonable period of time. Furthermore, Plaintiff GHANDILI has been forced to defer his start date from 2023, to the current academic year, 2024. Plaintiff GHANDILI has been forced to postpone his participation in a highly prestigious program of study and is not eligible for any further deferments. Additionally, Plaintiff GHANDILI is at risk of losing his scholarship, which if rescinded, would, prevent Plaintiff from commencing with the master's program. Furthermore, Plaintiff GHANDILI is facing uncertainty surrounding his future.

28. Without judicial intervention, Plaintiff GHANDILI risks permanently losing his place in the master's program and suffering a significant setback in his education, career, and future in the United States.

## **VIOLATION OF THE APA**

29. All prior paragraphs are re-alleged as if fully stated herein.

30. Plaintiff has a statutory right to an adjudication of his non-immigrant visa application within a reasonable time. 5 U.S.C. §555(b), 22 U.S.C. § 41.106 and 22 C.F.R. §41.121; see also 8 U.S.C. § 1202.

31. Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period of time under 5 U.S.C. §555(b).

32. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

33. No other adequate remedy is available to Plaintiff.

34. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate his Application.

35. Given the Defendants' lack of a reason for not making a decision on Plaintiff GHANDILI's Applications for over 42 weeks, Plaintiff's Application has been pending for an unreasonably long period of time.

36. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

37. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, in violation of Plaintiff's rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiff's Application.

38. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff GHANDILI's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff GHANDILI's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: February 2, 2024                      Respectfully submitted,

                                                /s/ Sadaf F. Ahmed

**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*